UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEPHANIE PAPROSKY, | ) |
| Plaintiff, | ) Case No. 20-cv-0218 |
| v. | ) Judge Sharon Johnson Coleman |
| MCZ DEVELOPMENT CORP. and MICHAEL J. LERNER, | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Stephanie Paprosky brought this four-count breach of contract action against defendants MCZ Development Corp. ("MCZ") and Michael J. Lerner based on the Court's diversity jurisdiction. 28 U.S.C. § 1332. MCZ and Lerner filed the present motion to dismiss Counts II and III of the Third Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court denies defendants' motion.

**Background**

Lerner is the president and director of MCZ, which develops luxury residences in Chicago. Paprosky and Lerner entered into a series of written and oral loan agreements. At issue in this motion are two oral loan agreements. Specifically, on February 4, 2009, Paprosky and Lerner entered into an oral agreement where Paprosky would loan Lerner $1,509,283.97. Lerner has not fully repaid the February 4, 2009 loan and Paprosky claims she is owed $487,170.48. Also, on March 2, 2009, Paprosky and Lerner entered into an oral agreement for Paprosky to loan Lerner $1,023,426. Again, Lerner has not repaid this loan.

In the present motion, defendants argue that the claims arising from the oral loans entered into on February 4, 2009 and March 2, 2009 should be dismissed because Paprosky filed the present

claims outside of the five-year statute of limitation for oral contracts in Illinois. *See* 735 Ill. Comp. Stat. Ann. 5/13-205.

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 529, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011). When considering dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam). To survive a motion to dismiss, plaintiff must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A complaint is facially plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

"A plaintiff is not required to plead elements in his or her complaint that overcome affirmative defenses, such as statute-of-limitations defenses." *NewSpin Sports, LLC v. Arrow Electronics, Inc.*, 910 F.3d 293, 299 (7th Cir. 2018); *see* Fed. R. Civ. P. 8(c)(1) (explicitly categorizing statute of limitations as an affirmative defense). Nonetheless, dismissal under Rule 12(b)(6) is proper if "the complaint itself set forth everything necessary to satisfy the affirmative defense." *Vergara v. City of Chicago*, 939 F.3d 882, 886 (7th Cir. 2019) (citation omitted).

**Discussion**

In their motion, defendants assert that Paprosky's claims based on the oral contracts are untimely under the five-year statute of limitations pursuant to 735 Ill. Comp. Stat. Ann. 5/13-205. In response, Paprosky argues that defendants fail to take into account that the five-year limitations period did not begin to run on the date that the parties entered into the oral contracts, but when her

2

claims accrued. In Illinois, "[a]n action for breach of contract accrues when the breach of the contractual duty or obligation occurs, not when the party sustains damages." *Retirement Plan for CTA Employees v. CTA,* 156 N.E.3d 86, 94, 441 Ill.Dec. 86, 2020 IL App (1st) 182510 (1st Dist. 2020). In the context of loans, the "cause of action accrues, and the stature of limitations begins to run when a creditor may legally demand payment from a debtor." *Kranzler v. Saltzman*, 942 N.E.2d 722, 727, 407 Ill. App.3d 24, 30 (1st Dist. 2011) (citation omitted). This means that the statute of limitations begins to run when the payment becomes due and remains unpaid. *Id.*

The complaint does not contain the dates Paprosky could have legally demanded payment from the defendants, but plaintiffs are not required to plead around affirmative defenses. Accordingly, Paprosky has not pled herself out of court on a statute of limitations defense because her complaint does not supply all of the necessary information to satisfy the affirmative defense. *See Vergara*, 939 F.3d at 886.

**Conclusion**

For the foregoing reasons, the Court denies defendants' motion to dismiss [36].

IT IS SO ORDERED.

Date: 2/3/2021

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge

3